IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, ET AL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 15-cv-00009-ABJ |
| NATIONAL LABOR RELATIONS BOARD, | ) ) | |
| Defendant. | ) ) ) | |

**OPPOSITION OF PLAINTIFFS BAKER DC, LLC AND ITS EMPLOYEES TO DEFENDANT'S MOTION(S)**

Plaintiff Baker DC, LLC and its co-plaintiff employees Shannon Cotton, Michael Murphy, and Jorge Gonzalez Villareal (hereafter "Baker and its co-plaintiff employees") hereby file their Opposition to the Board's pending motion to dismiss and for summary judgment in Case No. 15-cv-00009 (Docket #22). This Opposition is filed pursuant to the Court's Order in Case No. 15-cv-00571 (Docket #22 in that previously separate docket), consolidating the above referenced cases. Baker and its co-plaintiff employees agree with and incorporate by reference the opposition/reply previously filed by the trade association Plaintiffs in this case. Baker and its co-plaintiff employees further incorporate by reference their previous filings in support of Baker's Motion for Temporary Restraining Order. The present filing will make every effort to avoid repeating arguments made by either group of plaintiffs to date.

Baker and its co-plaintiff employees do wish to apprise the Court of events that have transpired in the related Board representation proceeding since the filing of the

1

union petition referenced in their Motion for Temporary Restraining Order.  That proceeding is ongoing before Region Five of the Board. *Baker DC, LLC*, Case No. 5-RC-150123.  Based upon events that have transpired in that Board proceeding, it is evident that Plaintiffs' challenge to the Board's new Rule is ripe for decision by this Court and that Plaintiffs' rights are being violated by the new Rule.  The challenged provisions of the new Rule should therefore be set aside.

**1.    Facts Occurring Since The Court's Order Denying Baker's Motion For Temporary Restraining Order.**

Since issuance of the Court's Order on April 22, Baker was required by the new Rule to file a written Statement of Position by April 29, 2015. *See* 29 C.F.R. 102.63(b). As part of that Statement, Baker was required to disclose the names, work locations and shifts of all employees inside and outside the petitioned-for unit.  *See* Declaration of Erik Hult, attached hereto. The process of drafting, compiling and producing these documents was extremely burdensome and time consuming for both Baker and its counsel, requiring far more time and expense than was estimated in the Board's impact statement. *Id*.; *see* 79 Fed. Reg. 74462-74467.  The resulting disclosures by Baker necessarily revealed confidential and proprietary information about the staffing of Baker's ongoing construction projects. *Id*. at ¶ 2.

In its Statement of Position, Baker contested the appropriateness of the petitioned-for unit on several different grounds. Of significance to the present legal challenge, Baker contended among other things that a large group of employees known as "working foremen," should be included in the unit and allowed to vote in the election.  *Id*. at ¶ 3. The Petitioner Union claimed that Baker's carpentry and laborer foremen are supervisors within the meaning of the Act, 29 U.S.C. § 152(11), who should be excluded from

voting. *Id*.  The number of working foremen in dispute, 40 in all, comprise more than 13

percent of the petitioned-for unit. The employee co-plaintiffs in the present litigation,

Shannon Cotton, Michael Murphy, and Jorge Gonzalez Villareal, are themselves working

foremen whose status as eligible voters is now in dispute. *Id*. at ¶ 4.

The Representation Hearing was held in Baker's case on April 30, 2015. *Id*. at ¶

5. At the beginning of the hearing, the Hearing Officer read from a script apparently

required under the new Rule.  Of significance to the present case, the Hearing Officer

announced on behalf of the Regional Director that no litigation would be allowed

regarding the inclusion or exclusion of foremen from the requested unit, and that the

dispute as to the foremen's employee status would be "deferred" until after the election,

pursuant to the new Rule.  *Id*. The Hearing ultimately concluded without any opportunity

for Baker to present evidence on the open question concerning representation of the

working foremen, and without any resolution of the supervisory or non-supervisory status

of the foremen.  *Id*. at ¶ 6. As of this writing, the Regional Director has not yet issued a

Decision and Direction of election in Baker's case, though such a decision is expected

soon. *Id*.

Under Section 102.62(d) of the new Rule, once the Decision and Direction does

issue, Baker will be required to provide to the Union a list of names and personal contact

information for all employees who are deemed eligible to vote in the election.  In

addition, the Employer will be required to provide the names and personal contact

information for all employees whose voting status is disputed. *Id.* at ¶ 7.  As has already

been established in conjunction with Baker's previously filed motion, these disclosure

requirements will cause harm to the privacy rights of Baker and, even more so, to Baker's

co-Plaintiff employees in this case.  As noted above, the co-Plaintiffs are working foremen whose eligibility to vote in the election is being disputed by the Petitioner. Notwithstanding their potential exclusion from being able to vote, the co-Plaintiff employees will find their personal and private contact information unwillingly disclosed to an outside third party union who claims to have no interest in representing them.[1]

Aside from the immediate application of the new Rule to Plaintiffs Baker and its co-plaintiff employees, it is a matter of public record that the new Rule has since April 14 been applied to more than 140 employers all over the country.  *See* http://www.nlrb.gov/cases-decisions.   The number of petitions in which the new Rule is being implemented is growing daily.  *Id*.

---

[1] The co-plaintiff employees joined Baker's complaint against the new Rule after the Motion for Temporary Restraining Order was filed, and the Court criticized Plaintiffs' reliance on the employees' arguments for the first time in a Reply brief. (Mem. Op. in 15-cv-00571, Docket #22, n.1).  For purposes of this Opposition, there should be no such concerns.  Baker's co-plaintiff employees are now full parties who are entitled to bring to the Court's attention their legitimate complaints regarding the unprecedented invasion of their privacy directly caused by the new Rule.

## II.     ARGUMENT

**A.     In Light Of The Application Of The New Rule To Baker (And Many Other Employers), The Board Can No Longer Argue That The Consolidated Legal Challenge Is Not Ripe For Review.**

One of the Board's principal arguments in its motion is that the challenges to "discretionary" aspects of the new Rule are not "justiciable." (Board Mem. at 4-8). Whatever the merits of the Board's ripeness argument prior to the Rule actually taking effect on April 14, the argument must fail now.[2]  The adverse impact of the challenged Rule can no longer be claimed to be "hypothetical" or "speculative."  The Rule has now been enforced against identifiable employers, including Baker, and the adverse consequences of the new Rule's unlawful provisions are undeniably real.  In addition, the adverse impact of the new Rule is being felt not only by Baker and other similarly situated employers, but also by Baker's co-plaintiff employees and other similarly situated employees around the country.

As acknowledged in the Board's second Opposition to Baker's Motion for Temporary Restraining Order (Docket # 9 in Case No. 15-cv-00571), at p. 3: "An as-applied challenge to a discretionary rule is ripe when that rule *has actually been implemented in particular circumstances,*…." (c*iting Sprint Corp. v. FCC*, 331 F.3d 952, 956-57 (D.C. Cir. 2003)).  Clearly the new Rule now has likewise "actually been implemented in particular circumstances," and is therefore ripe for review by this Court.[3]

---

[2] As the Chamber has previously argued, the legal challenge to the new Rule was ripe for review even before the new Rule took effect on April 14, the Board's arguments to the contrary notwithstanding. (Chamber Opposition/Reply Br., Docket #26, pp. 2-4).

[3] The Board's second Opposition to Baker's Motion for Temporary Restraining Order devoted considerable space to contesting the Court's jurisdiction to consider Baker's challenge under *Leedom v. Kyne*, 358 U.S. 184 (1958).  (Docket #9, at pp.2-4). The Board's arguments lacked merit even in the context of Baker's Motion, in as much as none of the cases cited by the Board

Of particular significance here, there can no longer be speculation about the impact of the new Rule on the previously established right of employers to present evidence on voter eligibility issues under Section 9(c)(1) of the Act.  Applying the new Rule's challenged provisions, the Board has refused to allow Baker to present evidence in a pre-election representation hearing that raised a question concerning representation as to a large group of working foremen (13 percent of the unit) whose supervisory status is disputed.  This application of the new Rule violates the plain language of the Act and the clear legislative history cited in Plaintiffs' and the *Amicus* briefs, as well as violating the Board's own statutory precedent and Baker's right to due process.  *Barre-National, Inc*., 316 NLRB 877 (1995). Moreover, not knowing if they are employees or supervisors, the co-plaintiff employees will be chilled in the exercise of their Section 7 rights to support or oppose the Petition, or else such rights will be rendered nonexistent or futile.

In addition, the invasion of the privacy of Baker's co-Plaintiff employees can no longer be deemed to be speculative; it is <u>imminent</u>.  Though the Court found that such employees have not shown "irreparable" injury as a result of the unwanted, compelled disclosure of the personal and private information to the Petitioner Unions (Mem. Op. at 13-14), it cannot be denied that the employees' privacy is now about to be invaded as a direct result of the new Rule. Indeed, the Court acknowledged as much in its Opinion. (*Id*. at 12).  In this regard, it is unnecessary for Baker and its co-plaintiff employees to prove that the Petitioner will "abuse" Plaintiffs' personal and private information.  In the

---

dealt with a challenge to a rulemaking under the NLRA and APA.  But there is certainly no need for the Court to address *Leedom v. Kyne* in the context of the pending cross-motions to dismiss and for summary judgment. In these cross-motions, Plaintiffs are not seeking to enjoin an ongoing representation proceeding; they are seeking to set aside an unlawful Rule. The Court thus has federal jurisdiction to consider all of the Plaintiffs' legal challenges to the new Rule under the NLRA and the APA.

context of this APA challenge, where the Board has demonstrated no <u>need</u> for unions to receive personal and private information about employees beyond the home addresses to which they already have access, the privacy rights of employees must be considered paramount under previously cited cases. *U.S. Dept. of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 501-02 (1994); *Allstate Ins. Co. v. Langston*, 655 So. 2d 91, 94 & n.2 (Fla. 1995); *Tribune-Review Publ'g Co. v. Bodack*, 961 A. 2d 110, 115-116 (Pa. 2008).

For a federal agency to mandate disclosure of individuals' personal information to a politicized special interest group is indefensible in the absence of compelling circumstances that are certainly not present here. The Board is required to accommodate its enforcement of the NLRA in a way that is consistent with other federal laws. *Boys Markets, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 251 (1970); *Hoffman Plastic Compounds v. NLRB*, 535 U.S. 137, 144 (2002); *Southern Steamship Co. v. NLRB*, 316 NLRB U.S. 31 (1942) ("[T]he Board has not been commissioned to effectuate the policies of the Labor Relations Act so single-mindedly that it may wholly ignore other and equally important Congressional objectives."). The Board has failed to adhere to this requirement in the new Rule by failing to effectuate the important Congressional objectives of preserving employee privacy, and the new Rule must therefore be set aside.

## CONCLUSION

For the reasons stated above and in the previously filed briefs of the trade association Plaintiffs and Baker itself, the challenged provisions of the new Rule should be vacated and set aside.

Respectfully submitted,

/s/ *Maurice Baskin*
Maurice Baskin (D.C. Bar No. 248898)
LITTLER MENDELSON, P.C.
1150 17th Street N.W.
Suite 900
Washington, DC  20036
202.842.3400 Telephone
202.842.0011 Facsimile
mbaskin@littler.com

*Counsel for Plaintiff Baker DC, LLC*


/s/ *Glenn M. Taubman*
Glenn M. Taubman (D.C. Bar No. 384079)
National Right to Work Legal Defense Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
703-321-8510
gmt@nrtw.org

*Counsel for Plaintiffs Cotton, Murphy, and Gonzalez Villareal*