IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al., | ) ) ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
| v. | ) ) | Case No. 1:15-CV-9 Judge Amy Berman Jackson |
| NATIONAL LABOR RELATIONS BOARD, | ) |  |
|  | ) |  |
| Defendant. | ) ) |  |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant National Labor Relations Board ("NLRB") respectfully files this Notice of

Supplemental Authority in support of its Partial Motion to Dismiss and Cross-Motion for

Summary Judgment [ECF No. 22]. On May 7, 2015, Judge Mehta of this Court decided a case

relevant to this one. The attached decision, *National Association of Manufacturers v. Perez*, No.

1:13-cv-01998 (APM) (D.D.C.) [hereinafter *NAM v. Perez*], addresses and rejects arguments

substantially identical to those raised by Plaintiffs here in their Motion for Summary Judgment

[ECF No. 17].

In *NAM v. Perez*, this Court rejected the plaintiffs' argument that a Department of Labor

("DOL") rule requiring federal contractors to post a workplace notice of labor rights violated the

First Amendment. Slip op. at 6-14. The Court found that DOL's notice was government speech,

*id.* at 10, and applied *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47

(2006) [hereinafter *FAIR*], to determine whether the government could require private parties to

host or accommodate that speech, slip op. at 11-12. Since the DOL notice neither "interfered

with the host's ability to convey a contrary message [n]or . . . created an unacceptable risk that

the required expression would be viewed as the host's speech," the Court found "little material

distinction between *FAIR* and this case." *Id.* at 12. Furthermore, the Court declined the plaintiffs' invitation to distinguish *FAIR* on the basis that the DOL notice was purportedly "slanted" because even if that were so, it would not "offend the First Amendment." *Id.* at 15.

Plaintiffs here make the very same arguments concerning the NLRB's Notice of Petition for Election ("Petition Notice"), 29 C.F.R. § 102.63(a)(2), that Judge Mehta rejected in *NAM v. Perez* with respect to DOL's posting rule. *See* [ECF No. 17 at 42-44; ECF No. 25 at 28-29]. Like DOL's notice, the NLRB's Petition Notice fully satisfies the *FAIR* test. *See* [ECF No. 22 at 43; ECF No. 27 at 21-22]. Accordingly, the well-reasoned decision in *NAM v. Perez* is a pertinent authority that might assist the Court in its resolution of the instant matter. *Cf.* Fed. R. App. P. 28(j).

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ Nancy E. Kessler Platt
NANCY E. KESSLER PLATT
*Deputy Assistant General Counsel for
Contempt, Compliance, and Special
    Litigation*

National Labor Relations Board
1099 14th Street, NW, Suite 10700
Washington, D.C. 20570
Phone: (202) 273-2937
Fax: (202) 273-4244
E-mail: Nancy.Platt@nlrb.gov
D.C. Bar No. 425995

</div>

DAWN L. GOLDSTEIN
KEVIN P. FLANAGAN
*Supervisory Attorneys*

Dated: May 11, 2015
Washington, D.C.