IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, <br><br> Defendant. | Case No. 15-cv-00009-ABJ |

**SUPPLEMENTAL POST-HEARING BRIEF OF PLAINTIFFS BAKER DC, LLC AND ITS EMPLOYEES IN RESPONSE TO THE COURT'S REQUEST**

Plaintiff Baker DC, LLC and its co-plaintiff employees (the "Baker plaintiffs") submit this supplemental brief in response to the Court's request at the conclusion of the May 15, 2015 hearing in this matter. The Court specifically asked that Baker provide legal authority for the contention that the Court may consider Baker's as-applied challenge to the Board's new Rule based upon supplemental information regarding implementation of the challenged Rule, *i.e.*, information outside the Administrative Record that was compiled prior to the Rule's issuance. The Court also asked whether Baker's as-applied challenge based upon the supplemental information constituted an "amendment" to Baker's Complaint.[1]

Baker's Complaint states both a facial and as-applied challenge to the new Rule. The Complaint has specifically alleged that the Union filed a petition on April 15, 2015

---

[1] Baker's counsel has not been able to review the hearing transcript in order to quote precisely the Court's request. The above text reflects counsel's good faith understanding of the Court's request.

and that the Board is processing the petition under the new Rule.  Complaint, ¶¶ 10-11. The Complaint set forth specific events causing Baker harm under the new Rule, under the heading "Standing and Ripeness," all of which events were described as "imminent" at the time the Complaint was filed.   Baker subsequently provided the supplemental information in question as evidence in support of the Complaint, showing as a matter of public record and undisputed facts that the allegations of the Complaint regarding the new Rule's adverse impact on the Baker plaintiffs were true. (Docket #32).

      The supplemental information consists of a report of what has transpired in the ongoing representation proceeding before Region Five of the Board in the case of *Baker DC, LLC*, Case No. 5-RC-150123, including Baker's compelled posting of the pre-hearing notice, filing of the newly mandated statement of position, compelled disclosure of employees within and outside the petitioned-for unit, and the refusal of the Board to allow evidence into the pre-election hearing record concerning the supervisory or non-supervisory status of 40 Baker foremen.  Baker's Opposition also referred to the Board's public docket of representation cases around the country filed since April 14 in which the new Rule has been implemented, which as of May 8 totaled more than 140 cases (and which has since grown to more than 250 cases). *See* http://www.nlrb.gov/cases-decisions.[2]

---

[2] The Baker plaintiffs wish to bring to the Court's attention a related new development in their representation case: The Regional Director of Region Five has today issued his Decision and Direction of Election in Case No. 5-RC-150123, requiring *inter alia*, that Baker turn over the personal and private employee information as part of the voter eligibility list by Tuesday May 26, and confirming that no evidence was permitted on the status of the working foremen.  The Regional Director also denied Baker's request for any extension of time to produce the voter eligibility list, and that a mail ballot would begin on June 5 (14 days after the Decision). The Regional Director's decision is publicly available at www.nlrb.gov/cases-decisions.

**I.     The Court May And Should Consider Baker's Challenge
To The Validity Of The New Rule, Both On Its Face And As Applied,
Together With The Supplemental Information In Support Thereof.**

A.     <u>Baker's Complaint properly sets forth both a facial and as-applied challenge to the Board's new Rule, and no amendment of the Complaint is required.</u>[3] As noted above, Baker's Complaint challenges the validity of the new Rule under the Constitution, the NLRA, and the APA.  The Complaint also sets forth specific events causing Baker harm under the new Rule, under the heading "Standing and Ripeness."  Though the Baker plaintiffs were not required to label their Complaint as a "facial" challenge or an "as applied" challenge under the APA, the Complaint clearly states claims that fit within both characterizations.  *See Citizens United v. Federal Election Comm'n*, 130 S. Ct. 876, 893 (2010) ("[T]he distinction between facial and as-applied challenges is not so well defined that it has some automatic effect or that it must always control the pleadings…."  "The distinction …. goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint.").

Baker's supplemental information merely establishes that a number of these identified adverse impacts have in fact occurred.  This is evidence of the injury identified in the Complaint, not a new cause of action.  *See Russell-Murray Hospice, Inc. v. Sebelius*, 724 F. Supp. 2d 43, 55 (D.D.C. 2010).  Certainly the fact that the Court is dealing now with a rule that has actually been implemented against Baker allows, and arguably compels, the Court to consider the impact of the new Rule in the "real world."  The supplemental information shows that the new Rule is, in fact, being applied to Baker

---

[3] To the extent that the Court believes that an amendment to the Baker plaintiffs' Complaint is required in order to consider the supplemental information, then Plaintiffs seek leave to file such an amendment, which would not prejudice any party.

and more than 250 other employers, and that it is having an adverse impact on the Baker plaintiffs' statutory and constitutional rights.

In an analogous circumstance, the D.C. Circuit held in *Weaver v. USIA*, 87 F.3d 1429 (1995), that a federal employee was entitled to seek declaratory and injunctive relief against enforcement of a regulation claimed to be in violation of the Civil Service Reform Act.  The Court of Appeals rejected the government's contention that the plaintiff was obligated to exhaust administrative remedies prior to proceeding to court on a challenge to the validity of the rule itself, as contrasted with the plaintiff's challenge to the merits of the government's particular disciplinary action which the court found should proceed through the agency's administrative process. *Id*. at 1434. *See also Sanjour v. EPA*, 56 F.3d 85, 92 (D.C. Cir. 1995) (*en banc*).

Likewise in the present case, the Baker plaintiffs are properly asking the Court to consider the fact of the new Rule's enforcement for the purposes of establishing that the Rule has been implemented in a manner that violates the Constitution, the NLRA, and/or the APA, with adverse impact on the plaintiffs. The Board's repeated assertion that Plaintiffs are barred from seeking judicial review of representation case issues until the conclusion of their particular election proceedings is incorrect. Unlike the circumstances in any of the cases cited by the Board (*AFL-CIO, Boire*, etc.), Plaintiffs are not seeking to litigate any representation case issue in the current proceeding other than the validity of the new Rule itself. No case cited by the Board for its exhaustion defense deals with such a challenge to the validity of a Board rule under the Act and /or the APA.

B.      Baker's supplemental information is also properly responsive to the Board's claim that certain aspects of Baker's challenge are not ripe for judicial review, which would otherwise not be "self-evident" from the administrative record. *See Amfac Resorts, LLC v. U.S. Dept. of the Interior*, 282 F. 3d 818, 830 (D.C. Cir. 2002) (parties "are not confined to the administrative record" when demonstrating that agency action has resulted in injury as applied), *vacated on other grounds*, *National Park Hospitality Assn. v. USDOI*, 538 U.S. 803 (2003); *Russell-Murray Hospice, Inc. v. Sebelius*, 724 F. Supp.2d 43, 55, n.12 (D.D.C. 2010) (denying motion to strike declaration showing how challenged rule adversely impacted plaintiff in a manner not "self-evident" from the record).

Baker's supplemental information has been presented here in support of the legitimate objective described above. Based on the supplemental information, the Court should find that it is no longer even arguably speculative to find that the new Rule will dramatically shorten election periods below the minimum levels intended by Congress under the new Rule, because the Board's own public records confirm that elections are now being conducted on average in less than 25 days, i.e., 40% less time than before the new Rule.[4]  Likewise it is no longer speculative to believe that employers will be precluded from presenting evidence on the supervisory status and voter eligibility of large numbers of employees as Congress intended to be permitted in any contested pre-election hearing. That has already happened to Baker, in violation of the plain intent of Congress. Finally, it is no longer speculative to believe that employees are being forced to "vote

---

[4] The NLRB's public docket reflects that elections have been held in as few as 11 days after the petition was filed under the new Rule.  Elections are occurring in two weeks or less if the petitioning union waives the 10-day time period for using the *Excelsior* list and/or if the parties enter into an election agreement. *See* http://www.nlrb.gov/cases-decisions.


now, understand later," Fed. Reg. at 74,430, and their privacy rights will be invaded, because elections are being held under the new Rule without any opportunity for disputed supervisory employees (such as the Baker co-plaintiff employees) to learn whether they are inside or outside the petitioned-for unit, and Baker's employees' personal and private information has been ordered by the Board to be disclosed to a third party Union against the wishes of the employees.

The supplemental information may also be considered as "background information needed to determine whether the agency considered all the relevant factors" in issuing its rule. *See Environmental Defense Fund, Inc. v. Costle,* 657 F.23d 275, 286 (D.C. Cir. 1981), *citing Asarco, Inc. v. U.S. EPA,* 616 F.2d 1153, 1160-62 (9th Cir. 1980). This standard has sometimes been stated as authorizing consideration of information outside the record "in cases where evidence arising after the agency action shows whether the decision was correct or not." *See Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989).[5]

---

[5] The standards for consideration of evidence outside the Administrative Record set forth in *Esch* have been narrowly construed, though not overruled, in subsequent D.C. Circuit decisions.  *See, e.g., Hill Demaceuticals, Inc. v. FDA*, 709 F. 3d 44, 47 (D.C. Cir. 2013).

**Conclusion**

For the reasons set forth above and in the Baker plaintiffs' previous submissions and argument, Baker challenge to the new Rule should be considered as both facial and as-applied, and Baker's supplemental information regarding the actual implementation of the new Rule should be considered by the Court in its evaluation of the ripeness and merits of the Baker plaintiffs' challenge to the new Rule.

        Respectfully submitted

        ,/s/ *Maurice Baskin*

        Maurice Baskin (D.C. Bar No. 248898)
        LITTLER MENDELSON, P.C.
        1150 17th Street N.W.
        Suite 900
        Washington, DC  20036
        202.842.3400 Telephone
        202.842.0011 Facsimile
        mbaskin@littler.com

        *Counsel for Plaintiff Baker DC, LLC*

        /s/ *Glenn M. Taubman*

        Glenn M. Taubman (D.C. Bar No. 384079)
        National Right to Work Legal Defense Foundation
        8001 Braddock Rd., Suite 600
        Springfield, VA 22160
        703-321-8510
        gmt@nrtw.org

        *Counsel for Plaintiffs Cotton, Murphy, and Gonzalez Villareal*